IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cliff St. Brice,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-15-1852-PHX-NVW (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE NEIL V. WAKE, UNITED STATES DISTRICT JUDGE:

  Cliff St. Brice filed a Petition for Writ of Habeas Corpus in this Court challenging his convictions and sentences arising out of his involvement in a marijuana trafficking operation. St. Brice alleges that he received ineffective assistance of trial counsel. Respondents argue that he did not. As described below, the Court recommends that St. Brice's Petition be denied and dismissed with prejudice.

## Background

  In 2009, after St. Brice was indicted in Maricopa County Superior Court for multiple felony counts arising out of a marijuana trafficking operation, he received a plea offer for a 3.5 year sentence. (Doc. 9, Exs. A, GG) Through counsel, he notified the Court that he intended to reject that offer. (Doc. 9, Ex. GG at 3:21) The Superior Court then discussed with St. Brice the possible consequences of rejecting that offer pursuant to *State v. Donald*, 10 P.3d 1193 (Ariz. App. 2000). (Doc. 9, Ex. GG at 5-6) During the

*Donald* colloquy, the Court told St. Brice that the maximum prison sentence he faced was 106 years. (*Id*. at 6:9)  After St. Brice confirmed that he understood the possible prison terms and still wanted to reject the plea offer, the Court found that St. Brice had knowingly, intelligently, and voluntarily rejected the plea offer. (*Id*. at 6:23)

In 2011, St. Brice stood trial and a jury found him guilty of ten felony counts. (Doc. 9, Ex. B)  The Court then sentenced St. Brice to nine presumptive, concurrent sentences totaling seven years to be followed by one mitigated sentence of 2.25 years.[1] (Doc. 9, Ex. C)

On appeal, St. Brice argued that his trial had included several reversible errors. (Doc. 9, Exs. D, E)  At the conclusion of briefing, the Arizona Court of Appeals affirmed St. Brice's convictions and sentences. (Doc. 9, Exs. F, G, H)  The Arizona Supreme Court then denied St. Brice's petition for review. (Doc. 9, Exs. I, K)

St. Brice timely petitioned the Superior Court for post-conviction relief alleging that he had received ineffective assistance of trial counsel.[2] (Doc. 9, Ex. O)  His court-appointed counsel found no colorable claims and, pursuant to the Court's order, St. Brice filed a *pro per* petition. (Doc. 9, Exs. P, Q, R, S, T)  Among other things, St. Brice argued that his trial counsel provided ineffective assistance by advising him to reject the plea offer. (Doc. 9, Ex. S)  At the conclusion of briefing, the Court found that St. Brice did not establish that he had received ineffective assistance of trial counsel and summarily dismissed his petition. (Doc. 9, Exs. U, V, W)  As relevant here, the Court noted that St. Brice's claim of ineffective assistance of counsel failed because "the Case Management Judge engaged [St. Brice] in a person to person colloquy about the terms of the State's plea offer and the possible ramifications of a trial conviction and his

---

[1] Based on his sentencing transcript, it appears that St. Brice was sentenced under A.R.S. § 13-3419(A)(4) (presumptive term of seven years for Class Two felony). (Doc. 12-1 at 24) *See also State v. Francis*, 231 P.3d 373 (Ariz. App. 2010) (even if state does not separately allege Section 13-3419, trial court does not abuse its discretion when sentencing defendant under that statute).

[2] This was St. Brice's second attempt at post-conviction relief; he filed his first notice during the pendency of his direct appeal and so it was dismissed without prejudice. (Doc. 9 at Exs. L, M, N)

contemporaneous insistence on his innocence.  [St. Brice] fully understood the State's offer and the scope of the risk of a trial.  The fact that he wishes he could re-boot does not constitute ineffective assistance of counsel."  (Doc. 9, Ex. W at 2-3)

St. Brice timely petitioned the Arizona Court of Appeals to review the Superior Court's dismissal of his petition for post-conviction relief.  (Doc. 9, Exs. X, Y, Z)  After the petition was fully briefed, the Court of Appeals adopted the Superior Court's ruling, granted review and denied relief.  (Doc. 9, Exs. AA, BB, CC)

Subsequently, St. Brice timely filed his Writ for Petition of Habeas Corpus in this Court. (Doc. 1)  His Petition raises only one ground, namely that he received ineffective assistance of counsel when his trial counsel advised him to reject the plea offer.  (*Id*. at 6)  Specifically, he alleges that trial counsel told him he would receive no more than five years if convicted at trial and that the worst possible outcome would be five years in prison.  (*Id*.)  Respondents argue that St. Brice is not entitled to relief.  (Doc. 9)  In his reply, St. Brice alleges that he would have accepted the plea offer if his trial counsel had advised him to do so.  (Doc. 10)

**Analysis**

On habeas review, this Court can only grant relief if the petitioner demonstrates prejudice because the adjudication of a claim either "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C § 2254(d).  This is a "'highly deferential standard for evaluating state-court rulings' which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n. 7 (1997)).

Under clearly established Federal law on ineffective assistance of counsel, St. Brice needs to show that his trial counsel's performance was both (a) objectively deficient and (b) caused him prejudice.  *Strickland v. Washington*, 466 U.S. 668, 687

1. (1984). This results in a "doubly deferential" review of counsel's performance. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1403 (2011). The Court has discretion to determine which *Strickland* prong to analyze first. *LaGrand v. Stewart*, 133 F.3d 1253, 1270 (9th Cir. 1998). A habeas court reviewing a claim of ineffective assistance of counsel must determine "whether there is a reasonable argument that counsel satisfied *Strickland's* deferential standard, such that the state court's rejection of the IAC claim was not an unreasonable application of *Strickland.* Relief is warranted only if no reasonable jurist could disagree that the state court erred." *Murray v. Schriro*, 746 F.3d 418, 465-66 (9th Cir. 2014) (internal citations and quotations omitted).

St. Brice received objectively deficient representation if his counsel "'fell below an objective standard of reasonableness' such that it was outside 'the range of competence demanded of attorneys in criminal cases.'" *Clark v. Arnold*, 769 F.3d 711, 725 (9th Cir. 2014) (quoting *Strickland*, 466 U.S. at 687). To demonstrate prejudice, St. Brice "must show that there [wa]s a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

St. Brice alleges that he meets the prejudice prong of *Strickland* because he relied on his counsel when rejecting the plea offer, and, after he stood trial, received a sentence longer than the plea offer. (Docs. 1, 10) *Cf Lafler v. Cooper*, 132 S.Ct. 1376 (2012) (habeas petitioner prejudiced by counsel's deficient performance in advising him to reject plea offer and go to trial); *but see Buenrostro v. U.S.*, 697 F.3d 1137 (9th Cir. 2012) (*Lafler* did not decide a new rule of constitutional law). However, as the Superior Court noted, St. Brice did not simply rely on his trial counsel; he also discussed his decision to reject his plea offer with the Court so that he could make an intelligent and knowing decision as required by *State v. Donald*, 10 P.3d 1193 (Ariz. App. 2000). (Doc. 9, Ex. W) At his *Donald* hearing, the Superior Court informed St. Brice of the possible consequences of his rejection of the plea offer and he chose to proceed to trial. To the

- 4 -

extent that he relied on his trial counsel, the information presented during his *Donald* hearing was intended to disabuse him of any misleading information: he was told he could face up to 106 years; he was ultimately sentenced to 9.25 years.

The Arizona Court of Appeals found that St. Brice did not "suffer[] a constitutional injury [by] los[ing] a favorable plea bargain as a result of ineffective assistance of counsel." *Donald*, 10 P.3d. at 1205, ¶ 46. Because this Court cannot say that that conclusion was contrary to, or involved an unreasonable application of, clearly established Federal law, St. Brice is not entitled to habeas relief on his claim of ineffective assistance of counsel.

**IT IS THEREFORE RECOMMENDED** that Cliff St. Brice's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the petition and amended petition are justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an

order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 18th day of December, 2015.

David K. Duncan
United States Magistrate Judge